# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| KALIM A.R. MUHAMMAD, etc., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION 10-0086-WS-B** |
| | ) | |
| BRENDA L. BETHEL, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On February 22, 2010, the pro se plaintiff filed a two-page complaint, which listed the defendants and the relief requested, and listed generally the rights allegedly violated, but provided no facts whatsoever. (Doc. 1). When the appearing defendants moved to dismiss on this and other grounds, the plaintiff filed an amended complaint consisting of a 12-page single-spaced rant, largely irrelevant to the extent comprehensible at all,[1] followed by a "statement of claim" being no more than over two dozen sound bites,[2] with no effort to tie in any of these purported claims to particular factual allegations. (Doc. 9).

The Court deemed the amended complaint, filed without the defendants' agreement or leave of Court, to include an implied motion for leave to amend. The Court granted the deemed motion but pointed out the many pleading deficiencies of the amended complaint, which go far beyond those noted herein. (Doc. 10). The Court provided the defendant until May 25 to file "a second amended complaint addressing and correcting the many deficiencies noted in this order" and warned that "[f]ailure to do so

---

[1]For example, "I am no fornicator, adulterer and neither am I a homosexual. I am simply a man, born from blood of restless people in search of real and lasting freedom from a land that smells the fragrance of freedom but has for the most part given weeds of flowery discourse about freedom to a people, robbed and spoiled." (Doc. 9 at 7).

[2]For example, "U.S. Constitution — First Amendment - right to freedom of religion." (*Id*. at 15).

will result in dismissal of the action without prejudice." (*Id.* at 4).

On the appointed day, the plaintiff filed what he labeled a second "amended complaint." (Doc. 15). This 20-page document corrected the plaintiff's previous failure to employ numbered paragraphs and double-spacing. It did not, however, constitute an amended complaint; instead, it made 18 pages of new assertions against the six defendants and then purported to "keep all the original statements" from his previous amended complaint. (*Id.* at 18). Likewise, the plaintiff purported to "retai[n] all the original statue [sic] cites and claims from the previous filing." (*Id.*). Finally, the document did not specify any relief demanded, instead asserting that "[t]he relief we seek remains the same as in the previous notice of relief claimed." (*Id.*).

The Court promptly advised the plaintiff that it "does not recognize partial pleadings," and it ordered the plaintiff "to file an entire, integrated second amended complaint" by June 8 or suffer dismissal without prejudice. (Doc. 16).

On June 8, the plaintiff filed his second amended complaint, (Doc. 19), which expands his already bloated effort to 36 pages. Even so, the document is still incomplete by its own terms. First, the plaintiff again insists that "all the original statements as to the cause of these actions ... shall herein constitute the 'entire, integrated second amended complaint.'" (*Id.*). Second, the plaintiff again "retains all the original statue [sic] cites and claims from the previous filings as a part of the forging [sic] record." (*Id.*). Third, the document purports to "incorporate all the sworn statements, affidavits and exhibits of the former filings of the previous complaints." (*Id.* at 27). In sum, the plaintiff persists in attempting to force the Court and the parties to review his ever-increasing multiple iterations of the complaint — and of exhibits never filed with any version of the complaint but in connection with other filings — and treat them all, in toto, as his pleading. He has, in short, stubbornly refused to file a single, integrated complaint despite Court order to do so and despite his awareness of the consequences of failing to do so.

The second amended complaint also continues other pleading deficiencies previously pointed out by the Court as requiring correction to avoid dismissal. A complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief," Fed. R. Civ. P. 8(a)(2), but the second amended complaint contains only lengthy, vague and apparently repetitive allegations of wrongdoing. By insisting on incorporating earlier versions of the complaint, as well as unrelated exhibits, into the second amended complaint, the plaintiff's latest effort now stretches over 70 pages.

Likewise, the second amended complaint continues to constitute an impermissible shotgun pleading. First, the document contains no clear statement of the counts alleged. Second, it contains no clear statement of which defendants are defendants under any particular count. Third, it contains no clear statement of what factual assertions relate to which counts.

In fact, shorn of the factual material in previous iterations of the complaint, virtually no factual matter (as opposed to colorful descriptions of the quality of the defendants' undescribed conduct) appears in the second amended complaint. A complaint must as a threshold matter provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id.* "We have held that a Complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Corbitt v. Home Depot U.S.A., Inc.*, 589 F.3d 1136, 1170 (11th Cir. 2009) (internal quotes omitted). Here, the plaintiff provides not even a recitation of the elements of any claim.

"At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d

949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).  "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  "The mere possibility that the defendant acted unlawfully is insufficient to survive a motion to dismiss."  *Id.* at 1261. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (internal quotes omitted).  The minimal facts pleaded by the plaintiff may be consistent with the defendants' liability, but they are too skeletal to enable a conclusion that they make liability facially plausible.

As the plaintiff has been warned twice before:

> The plaintiff is proceeding without the benefit of counsel, or "pro se."  All such litigants "shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil ... Procedure, unless otherwise excused from operation of the rules by court order."  Local Rule 83.9(b). Moreover, "both the Supreme Court and [the Eleventh Circuit] have concluded that a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005).  Likewise, "even in the case of pro se litigants ... a court [does not have] license to serve as de facto counsel for a party, [citation omitted], or to rewrite an otherwise deficient pleading in order to sustain an action ...." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

(Doc. 8 at 1 n.1; Doc. 10 at 3).  The Court has provided the plaintiff multiple opportunities to submit a complaint minimally compliant with the governing rules of pleading, and he has instead offered versions each successively more objectionable than its predecessor.  The Court has repeatedly warned the plaintiff that the penalty for noncompliance would be dismissal of this action without prejudice.

"Pursuant to Fed.R.Civ.P. 41(b), a district court may sua sponte dismiss a

-4-

plaintiff's action for failure to comply with the rules or any order of the court." *Owens v. Pinellas County Sheriff's Department*, 331 Fed. Appx. 654, 656 (11th Cir. 2009). "We review a Rule 41(b) dismissal without prejudice for abuse of discretion," and "[d]ismissal pursuant to Rule 41(b) upon disregard of an order, especially when the litigant has been forewarned, generally is not an abuse of discretion." *Id.* (internal quotes omitted). *See generally Tanner v. Neal*, 232 Fed. Appx. 924, 924-25 (11th Cir. 2007) (upholding a dismissal without prejudice when the pro se plaintiff failed to file an amended complaint correcting the original complaint's various pleading violations) (citing *GJR Investments*).

Although a dismissal without prejudice is tantamount to a dismissal with prejudice when the statute of limitations has expired, precluding refiling, *Parrish v. Ford Motor Co.*, 299 Fed. Appx. 856, 862 (11th Cir. 2008), the earliest event mentioned by the plaintiff occurred in late July 2008. (Doc. 9 at 7). Because the limitations period on most civil rights claims in Alabama is two years,[3] the plaintiff is not precluded from refiling his action.

The pleading requirements in federal court are neither onerous nor hidden, and the rules and cases cited and explained in the Court's orders contain most of them. The plaintiff would be well served to review these rules and cases, as well as actual complaints in other cases, before attempting to file a new lawsuit. He will discover that successful plaintiffs present crisp complaints that: clearly allege in brief numbered paragraphs necessary facts as to what each defendant did (not character attacks on the defendants and not irrelevant ramblings); clearly list each legal claim presented, each under a separate heading called a "Count" (not laundry lists of unamplified legal terms

---

[3]"[T]he two-year limitations period of Ala. Code § 6-2-38(*l*) applies to section 1983 claims in Alabama." *Baker v. Birmingham Board of Education*, 531 F.3d 1336, 1337 (11th Cir. 2008) (internal quotes omitted); *accord Alexander v. Fulton County*, 207 F.3d 1303, 1346 (11th Cir. 2000). A four-year limitations period applies if the Section 1983 action arises under an Act of Congress enacted after December 1, 1990. *Baker*, 531 F.3d at 1337.

and case citations); clearly state under each count which defendants are defendants under that count, clearly identify the factual numbered paragraphs that apply to that count, and clearly explain how the legal right implicated by that count was violated; and clearly articulate the relief requested. Other attributes of adequate pleading exist, but adherence to these would vastly improve — and shorten — the plaintiff's current pleading.

For the reasons set forth above, this action is **dismissed without prejudice**.[4]

DONE and ORDERED this 14th day of June, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]The plaintiff's "objections to order or in the alternative request for a status conference," (Doc. 18), construed as a motion, is denied. The plaintiff's "motion to show proof of service of process," (Doc. 17), is not in fact a motion but a notice of filing proof of service.